UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: _____

LUXOTTICA GROUP S.p.A., an Italian corporation, and OAKLEY, INC., a Washington corporation,

    Plaintiffs,

v.

NEIGHBORHOOD FINANCIAL GROUP LLC, a Florida limited liability company d/b/a QUICK CASH PAWN,

    Defendant.
_____/

## COMPLAINT

Plaintiffs, Luxottica Group S.p.A. and Oakley, Inc., hereby sue Defendant Neighborhood Financial Group, LLC d/b/a Quick Cash Pawn, and allege as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the parties and over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because it involves substantial claims arising under the Lanham Act.

2. Venue is proper pursuant to 28 U.S.C. § 1391 because Defendant does business in this Judicial District, and continues to infringe Luxottica Group's and Oakley's famous trademarks in this Judicial District.

BROAD and CASSEL
One Biscayne Tower, 21st Floor, 2 South Biscayne Blvd., Miami, Florida 33131-1811 305.373.9400

## PARTIES

3. Plaintiff Luxottica Group S.p.A. ("Luxottica Group") is an Italian corporation with its principal place of business in Milan, Italy.

4. Plaintiff Oakley, Inc. ("Oakley") is a corporation organized and existing under the laws of the State of Washington, having its principal place of business in Foothill Ranch, California. Oakley is a wholly-owned subsidiary of Luxottica Group.

5. Defendant Neighborhood Financial LLC is a Florida limited liability company and the registered owner of the fictitious name "Quick Cash Pawn" and uses that fictitious name in the operation of its retail businesses located throughout Florida. As alleged herein, Defendant Quick Cash Pawn is directly engaging in the promotion and sale of counterfeit and infringing products within this Judicial District.

## FACTUAL ALLEGATIONS

**A.   The World Famous Luxottica Brands and Products.**

6. Luxottica Group is engaged in the manufacture, marketing and sale of premium, luxury and sports eyewear throughout the world. Luxottica Group's proprietary brands include Ray-Ban, the world's most famous sun eyewear brand, as well as Oakley, Vogue Eyewear, Persol, Oliver Peoples, Alain Mikli and Arnette.

7. Through its affiliates and subsidiaries, Luxottica Group operates over 7,000 optical and sun retail stores, including LensCrafters, Pearle Vision and ILORI in North America, OPSM and Laubman & Pank in Asia-Pacific, LensCrafters in China, GMO in Latin America and Sunglass Hut worldwide.

8. Luxottica Group's Ray-Ban products are distributed and sold through its optical and sun specialty retail stores, authorized retail and department stores, and via its internet website: www.ray-ban.com throughout the United States, including Florida.

9. Luxottica Group has used a variety of legally-protected trademarks for many years on and in connection with the advertisement and sale of its Ray-Ban products, including but not limited to, those detailed in this Complaint (collectively, the "Ray-Ban Marks").

10. Luxottica Group has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Ray-Ban Trademarks. As a result, products bearing the Ray-Ban Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sourced from Luxottica Group, and have acquired strong secondary meaning.

11. Luxottica Group is the owner of the following United States Federal Trademark Registrations (hereinafter collectively referred to as the "Ray-Ban Trademarks"):

| Registration Number | Trademark | Good and Services |
|---|---|---|
| 650,499 | *Ray-Ban* (signature logo) | FOR: SUNGLASSES, SHOOTING GLASSES, AND OPHTHALMIC LENSES, IN CLASS 26. |
| 1,080,886 | RAY-BAN | FOR: OPHTHALMIC PRODUCTS AND ACCESSORIES – NAMELY, SUNGLASSES; EYEGLASSES; SPECTACLES; LENSES AND FRAMES FOR SUNGLASSES, EYEGLASSES, SPETACLES – IN CLASS 9. |

BROAD and CASSEL
One Biscayne Tower, 21st Floor, 2 South Biscayne Blvd., Miami, Florida 33131-1811 305.373.9400

| | | |
|---|---|---|
| 1,093.658 | Ray-Ban | FOR: OPHTHALMIC PRODUCTS AND ACCESSORIES – NAMELY, SUNGLASSES; EYEGLASSES; SPECTACLES; LENSES AND FRAMES FOR SUNGLASSES, EYEGLASSES, SPECTACLES AND GOGGLES; AND CASES AND OTHER PROTECTIVE COVERS FOR SUNGLASSES, EYEGLASSES, SPECTACLES– IN CLASS 9. |
| 1,320,460 | Ray-Ban (circular seal) | FOR: SUNGLASSES AND CARRYING CASES THEREFOR, IN CLASS 9. |
| 1,490,305 | RAY-BAN | FOR: CLOTHING, NAMELY, TSHIRTS, IN CLASS 25. |
| 1,726,955 | Ray-Ban | FOR: FOR: BAGS; NAMELY, TOTE, DUFFLE AND ALL PURPOSE SPORTS BAGS, IN CLASS 18. FOR: CLOTHS FOR CLEANING OPTHALMIC PRODUCTS, IN CLASS 21. FOR: CLOTHING AND HEADGEAR; NAMELY, HATS, IN CLASS 25. |
| 2,718,485 | RAY-BAN | FOR: GOODS MADE OF LEATHER AND IMITATION LEATHER, NAMELY, WALLETS, CARD CASES FOR BUSINESS CARDS, CALLING CARDS, NAME CARDS AND CREDIT CARDS, IN CLASS 18. FOR: CLOTHING FOR MEN AND WOMEN, NAMELY, POLO SHIRTS; HEADGEAR, NAMELY, BERETS AND CAPS. |
| 3,522,603 | Ray-Ban (red background) | FOR: SUNGLASSES, EYEGLASSES, LENSES FOR EYEGLASSES, EYEGLASSES FRAMES, CASES FOR EYEGLASSES, IN CLASS 9. |

12. Luxottica Group has long been manufacturing and selling in interstate commerce eyewear under the Ray-Ban Trademarks.[1] These registrations are valid and subsisting and the majority are incontestable.

13. The registration of the marks constitutes *prima facie* evidence of their validity and conclusive evidence of Luxottica Group's exclusive right to use the Ray-Ban Trademarks in connection with the goods identified therein and other commercial goods.

14. The registration of the marks also provides constructive notice to Defendants of Luxottica Group's ownership and exclusive rights in the Ray-Ban Trademarks.

15. The Ray-Ban Trademarks qualify as famous marks, as that term is used in 15 U.S.C. § 1125(c)(1).

16. The Ray-Ban Trademarks at issue in this case have been continuously used in interstate commerce and have never been abandoned.

**B.  The World Famous Oakley Brand and Products.**

17. Oakley is an internationally recognized manufacturer, distributor and retailer of sports eyewear, apparel, footwear, outerwear, jackets, accessories and other related merchandise.

18. Oakley products are distributed and sold to consumers through its own Oakley O stores, its affiliate's sun retail stores, authorized retailers, and via its internet website: www.oakley.com throughout the United States, including Florida.

19. Oakley has used a variety of legally-protected trademarks for many years on and in connection with the advertisement and sale of its Oakley products, including but not limited to, those detailed in this Complaint (collectively, the "Oakley Trademarks").

---

[1] All registrations originally held in the name of Luxottica Group's predecessor's owner of the Ray-Ban Trademarks, Bausch and Lomb were assigned in full to Luxottica Group in 1999.

20. Oakley has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Oakley Trademarks. As a result, products bearing the Oakley Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sourced from Oakley, and have acquired strong secondary meaning.

21. Oakley is the owner of the following United States Federal Trademark Registrations (hereinafter collectively referred to as the "Oakley Trademarks"), among others:

| Registration Number | Trademark | Good and Services |
|---|---|---|
| 1,521,599 | OAKLEY | 9 SUNGLASSES AND ACCESSORIES FOR SUNGLASSES, NAMELY, REPLACEMENT LENSES, EAR STEMS AND NOSE PIECES. |
| 1,908,414 | OAKLEY | 16 PRINTED MATERIAL, NAMELY DECALS AND STICKERS. |
| 1,980,039 | OAKLEY | 9, 25 PROTECTIVE AND/OR ANTI-GLARE EYEWEAR, NAMELY SUNGLASSES, GOGGLES, SPECTACLES AND THEIR PARTS AND ACCESSORIES, NAMELY REPLACEMENT LENSES, EARSTEMS, FRAMES, NOSE PIECES AND FOAM STRIPS; CASES SPECIALLY ADAPTED FOR PROTECTIVE AND/OR ANTI-GLARE EYEWEAR AND THEIR PARTS AND ACCESSORIES CLOTHING, HEADWEAR AND FOOTWEAR, NAMELY T-SHIRTS, SWEATSHIRTS, BLOUSES, SWEATERS, SPORT SHIRTS, JERSEYS, SHORTS, TROUSERS, PANTS, SWEATPANTS, SKI PANTS, RACING PANTS, JEANS, COATS, VESTS, JACKETS, SWIMWEAR, HATS, VISORS, CAPS, GLOVES, BELTS, SOCKS, SANDALS AND SHOES. |

BROAD and CASSEL
One Biscayne Tower, 21st Floor, 2 South Biscayne Blvd., Miami, Florida 33131-1811 305.373.9400

| Registration No. | Mark | Goods/Services |
|---|---|---|
| 1,356,297 | OAKLEY | 9, 25 GOGGLES, SUNGLASSES, PROTECTIVE PADS FOR ELBOWS, FEET AND KNEES. CLOTHING - NAMELY T-SHIRTS; GLOVES; RACING PANTS; HATS; SWEATSHIRTS; SPORT SHIRTS, JACKETS, JEANS, JERSEYS AND SKI PANTS, JACKETS, HATS, GLOVES AND SOCKS. |
| 1,519,596 | OAKLEY | 9 SUNGLASSES AND ACCESSORIES FOR SUNGLASSES, NAMELY, REPLACEMENT LENSES, EAR STEMS AND NOSE PIECES. |
| 1,902,660 | [O OAKLEY ellipse logo] | 16 PRINTED MATERIAL, NAMELY DECALS AND STICKERS. |
| 1,990,262 | [O OAKLEY ellipse logo] | 9, 25 PROTECTIVE AND/OR ANTI-GLARE EYEWEAR, NAMELY SUNGLASSES, GOGGLES, SPECTACLES AND THEIR PARTS AND ACCESSORIES, NAMELY REPLACEMENT LENSES, EARSTEMS, FRAMES, NOSE PIECES AND FOAM STRIPS; CASES SPECIALLY ADAPTED FOR PROTECTIVE AND/OR ANTI-GLARE EYEWEAR AND THEIR PARTS AND ACCESSORIES CLOTHING, HEADWEAR AND FOOTWEAR, NAMELY T-SHIRTS, SWEATSHIRTS, BLOUSES, SWEATERS, SPORT SHIRTS, JERSEYS, SWEATPANTS, SKI PANTS, RACING PANTS, JEANS, COATS, VESTS, JACKETS, HATS, VISORS, CAPS |
| 3,151,994 | [O ellipse logo] | 9 PROTECTIVE EYEWEAR, NAMELY SPECTACLES, PRESCRIPTION EYEWEAR, ANTI GLARE GLASSES AND SUNGLASSES AND THEIR PARTS AND ACCESSORIES, NAMELY REPLACEMENT LENSES, FRAMES, EARSTEMS, AND NOSE PIECES; CASES SPECIALLY ADAPTED FOR SPECTACLES AND SUNGLASSES AND THEIR PARTS AND ACCESSORIES |

BROAD and CASSEL
One Biscayne Tower, 21st Floor, 2 South Biscayne Blvd., Miami, Florida 33131-1811 305.373.9400

| | | |
|---|---|---|
| 3,785,868 | | 9 PROTECTIVE EYEWEAR, NAMELY, SPECTACLES, PRESCRIPTION EYEWEAR, ANTI GLARE GLASSES AND SUNGLASSES AND THEIR PARTS AND ACCESSORIES, NAMELY, REPLACEMENT LENSES, FRAMES, EARSTEMS, AND NOSE PIECES; CASES SPECIALLY ADAPTED FOR SPECTACLES AND SUNGLASSES AND THEIR PARTS AND ACCESSORIES |
| 2,209,416 | | 9, 25 PROTECTIVE AND/OR ANTI-GLARE EYEWEAR, NAMELY, GOGGLES, AND THEIR PARTS AND ACCESSORIES, NAMELY, CASES SPECIALLY ADAPTED FOR PROTECTIVE AND/OR ANTI-GLARE EYEWEAR AND THEIR PARTS AND ACCESSORIES; CLOTHING, HEADWEAR AND FOOTWEAR, NAMELY, T-SHIRTS, HATS, SHORTS, SHIRTS, PANTS, JACKETS, SWEATSHIRTS, SHOES, AND PULLOVERS |
| 1,927,106 | | 16 PRINTED MATERIAL, NAMELY DECALS AND STICKERS |
| 1,984,501 | | 9, 25 PROTECTIVE AND/OR ANTI-GLARE EYEWEAR, NAMELY SUNGLASSES, GOGGLES, SPECTACLES AND THEIR PARTS AND ACCESSORIES, NAMELY REPLACEMENT LENSES, EARSTEMS, FRAMES, NOSE PIECES AND FOAM STRIPS; CASES SPECIALLY ADAPTED FOR PROTECTIVE AND/OR ANTI-GLARE EYEWEAR AND THEIR PARTS AND ACCESSORIES; CLOTHING AND HEADWEAR, NAMELY T-SHIRTS, SWEATSHIRTS, JACKETS, HATS, AND CAPS |
| 1,904,181 | | 9 PROTECTIVE AND/OR ANTI-GLARE EYEWEAR, NAMELY SUNGLASSES, GOGGLES AND THEIR PARTS AND ACCESSORIES, NAMELY REPLACEMENT LENSES, EARSTEMS, FRAMES, NOSE PIECES AND FOAM STRIPS, CASES SPECIALLY ADAPTED FOR PROTECTIVE AND/OR ANTI-GLARE EYEWEAR AND THEIR PARTS AND ACCESSORIES |

22. Oakley has long been manufacturing and selling in interstate commerce eyewear under the Oakley Trademarks. These registrations are valid and subsisting and the majority are incontestable.

23. The registration of the marks constitutes *prima facie* evidence of their validity and conclusive evidence of Oakley's exclusive right to use the Oakley Trademarks in connection with the goods identified therein and other commercial goods.

24. The registration of the marks also provides constructive notice to Defendant of Oakley's ownership and exclusive rights in the Oakley Trademarks.

25. The Oakley Trademarks qualify as famous marks, as that term is used in 15 U.S.C. § 1125(c)(1).

26. The Oakley Trademarks at issue in this case have been continuously used in interstate commerce and have never been abandoned.

**C.  Defendant's Infringing Conduct.**

27. On July 21, 2016, Luxottica Group's investigator visited Defendant's retail store located at 8404 Sheldon Rd., Tampa, Florida 33615. During that visit, the investigator discovered that Defendant was distributing, advertising, publicly displaying, offering for sale, and/or selling sunglasses bearing logos and source-identifying indicia and design elements that are imitations of one or more of the Ray-Ban and Oakley Trademarks.

28. Luxottica Group's investigator purchased one pair of Wayfarer style sunglasses bearing counterfeits of Luxottica's Ray-Ban trademarks for $65.41 and one pair of Big Taco style sunglasses bearing counterfeits of Oakley's trademarks for $56.07. Photographs of the counterfeit sunglasses are depicted below:





29. On August 6, 2016, Luxottica Group's investigator returned to Defendant's retail store located at 8404 Sheldon Rd., Tampa, Florida 33615. During that visit, the investigator discovered that Defendant was distributing, advertising, publicly displaying, offering for sale, and/or selling sunglasses bearing logos and source-identifying indicia and design elements that are imitations of one or more of the Ray-Ban and Oakley Trademarks.

30. Luxottica Group's investigator purchased one pair of Club Master style sunglasses bearing counterfeits of Luxottica's Ray-Ban trademarks. A photograph of the counterfeit sunglass frame and accessories is depicted below:



31. All of the purchased items were inspected by Luxottica Group's Asset Protection Coordinator on behalf of Plaintiffs, who determined that they contained counterfeits of Luxottica's Ray-Ban and Oakley's trademarks.

32. Defendant has no license, authority, or other permission from Luxottica Group or Oakley to use any of the Ray-Ban and Oakley Trademarks in connection with the advertising, promoting, distributing, publicly displaying, selling, and/or offering for sale of the counterfeit merchandise.

33. The forgoing acts of Defendant constitute direct trademark infringement in violation of federal law.

34. The foregoing acts of Defendant are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that counterfeit Ray-Ban and Oakley products offered for sale and sold by Defendant are authentic or authorized products of Luxottica Group and Oakley.

BROAD and CASSEL
One Biscayne Tower, 21st Floor, 2 South Biscayne Blvd., Miami, Florida 33131-1811 305.373.9400

35. The activities of Defendant, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the counterfeit Ray-Ban and Oakley products and Luxottica Group and Oakley.

36. Defendant is well aware of the extraordinary fame and strength of the Ray-Ban and Oakley brands, the Luxottica Group and Oakley Trademarks, and the incalculable goodwill associated therewith.

37. Defendant's knowing and deliberate hijacking of Luxottica Group's and Oakley's famous trademarks, and sale of their counterfeit product has caused, and continues to cause, substantial and irreparable harm to Luxottica Group's and Oakley's goodwill and reputation. In addition, the damages caused by Defendant are especially severe because the counterfeit products are inferior in quality to those of authentic Ray-Ban and Oakley trademarked products.

38. The harm being caused to Luxottica Group and Oakley is irreparable and Luxottica Group and Oakley do not have an adequate remedy at law. Luxottica Group and Oakley therefore seek the entry of an injunction preventing the sale of counterfeit Ray-Ban and Oakley products by Defendant. Luxottica Group and Oakley also seek damages, including exemplary damages and attorneys' fees, as a result of Defendant's knowing, deliberate and willful disregard of the activities infringing Luxottica Group's trademarks.

## COUNT I
### Trademark Infringement and Counterfeiting
### (15 U.S.C. § 1114)

39. Luxottica Group repeats and re-alleges the allegations set forth in Paragraphs 1 through 38 above.

40. Defendant, without authorization from Luxottica Group and Oakley, has used and is continuing to use in commerce spurious designations that are identical to, or substantially indistinguishable from the Ray-Ban and Oakley Trademarks.

41. The foregoing acts of Defendant are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that counterfeit Ray-Ban and Oakley products offered for sale and sold by Defendant are authentic or authorized products of Luxottica Group and Oakley.

42. Defendant's activities, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the counterfeit Ray-Ban and Oakley products and Luxottica Group and Oakley.

43. Defendant has infringed Luxottica Group's and Oakley's trademarks under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs Luxottica Group S.p.A. and Oakley, Inc. respectfully request that this Court enter judgment in its favor and against Defendant Neighborhood Financial LLC d/b/a Quick Cash Pawn on all counts pled herein, as follows:

A.	Finding that: Defendant has violated Section 32 of the Lanham Act (15 U.S.C. § 1114);

B.	Granting an injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116, preliminarily and permanently restraining and enjoining Defendant, its officers, agents, employees, tenants, and attorneys, and all those persons or entities in active concert or participation with it from:

1.	advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products which bear the Luxottica Group and Oakley Trademarks, or any other mark or design element substantially similar or confusing thereto, including, without limitation, the counterfeit products, and engaging in any other activity constituting an infringement of any of Luxottica Group's and Oakley's rights in the Trademarks;

2.	engaging in any other activity constituting unfair competition with Luxottica Group and Oakley, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Luxottica Group and Oakley;

C.	Requiring Defendant to file with this Court and serve on Luxottica Group and Oakley within thirty (30) days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

D. Directing such other relief as the Court may deem appropriate to prevent consumers, the public, and/or the trade from deriving any erroneous impression that any product at issue in this action that has been advertised, marketed, promoted, supplied, offered for sale, or sold by Defendant, has been authorized by Luxottica Group and Oakley, or is related in any way with Luxottica Group and Oakley, or their products;

E. Awarding Luxottica Group and Oakley statutory damages per counterfeit mark per type of good offered for sale in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117);

F. Awarding Luxottica Group and Oakley their costs, attorneys' fees, investigatory fees, and expenses to the full extent provided by Section 35 of the Lanham Act (15 U.S.C. § 1117);

G. Awarding Luxottica Group and Oakley pre-judgment interest on any monetary award made part of the judgment against Defendant; and

H. Awarding Luxottica Group and Oakley such additional and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Luxottica Group and Oakley request a trial by jury in this matter.

Dated this 28th day of September, 2016.

                        Respectfully submitted,

                        **BROAD AND CASSEL**

                        */s/ David B. Rosemberg*

                        David B. Rosemberg, P.L. (0582239)
                        drosemberg@broadandcassel.com
                        BROAD AND CASSEL
                        2 South Biscayne Boulevard, 21st Floor
                        Miami, Florida  33131
                        Telephone: 305.373.9400
                        Facsimile:  305.373.9443
                        *Attorneys for Plaintiffs Luxottica Group S.p.A. and Oakley, Inc.*